



## UNITED STATES DISTRICT COURT
### Southern District of Florida
### Miami Division

CASE NO.

DISABILITY ADVOCATES AND COUNSELING GROUP, INC. and STEVEN BROTHER, On Their Own Behalf and On Behalf of All Other Individuals Similarly Situated,

      Plaintiffs,

vs.

ROSS DRESS FOR LESS VIRGINIA, INC.,

      Defendant.

MAGISTRATE JUDGE
O'SULLIVAN

FILED by _____ D.C.
INTAKE
NOV 2 1 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. – MIAMI

### COMPLAINT - CLASS ACTION

Plaintiffs, Disability Advocates and Counseling Group, Inc. and Steven Brother, on their own behalf and on behalf of all other individuals similarly situated (jointly referred to herein as "Plaintiffs), hereby sue **ROSS DRESS FOR LESS VIRGINIA, INC.** (herein referred to as "Defendant"), for declaratory and injunctive relief and attorneys' fees, litigation expenses and costs, pursuant to 42 U.S.C. § 12181, *et seq.* ("Americans With Disabilities Act" or "ADA").

### JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiffs' claims arising under 42 U.S.C. §§12181, et seq., based on Defendant's violations of Title III of the Americans With Disabilities Act (see also 28 U.S.C. §§2201 and 2202.

- 1 -

## PARTIES

2.      Plaintiff, Disability Advocates and Counseling Group, Inc. ("DACG") is a non-profit corporation organized and existing under the laws of the State of Florida. DACG's members, which include Plaintiff Steven Brother, are individuals with disabilities as defined by and pursuant to the ADA. DACG has several purposes. One of those purposes is representing its members to assure that public accommodations and commercial premises are accessible to and useable by its members presently and in the future, to assure its members that they will not be excluded from participation in or be denied the benefits of the services, programs or activities of public accommodations, and to assure its members that they are not discriminated against because of their disabilities. DACG also assists in and/or provides speakers for disability expositions and disability related seminars. DACG also provides counseling to individuals with disabilities and their families regarding their particular disabilities, information concerning resources, aid and assistance which is available to individuals with disabilities, and discussions and information on difficult and personal subjects affecting the disabled. DACG, through the disability expositions and seminars, also provides community awareness of disability issues, general advocacy for individuals with disabilities, and information on obtaining government grants for the disabled or their benefit. DACG, when funds are available, also makes donations to assist the disabled or on their behalf. DACG and its members have suffered direct and indirect injury as a result of Defendant's actions or inaction described herein, and will continue to suffer injury and discrimination without the relief provided by the ADA as requested herein. DACG has also been discriminated against because of its association with its members and their claims, and because its resources (both time and money) have been impaired and

- 2 -

not been able to go to those activities due to the resources expended (both time and money) on this matter in the attempt to end the discrimination by the Defendant.

      3.      Plaintiff Steven Brother ("Brother") is a resident of the State of Florida, is *sui juris*, and is an individual with disabilities as defined by and pursuant to the ADA. Specifically, Mr. Brother is partially paralyzed in his lower body and is deaf. Thus, Brother is limited in his major life activities by his disabilities in that he is unable to hear or walk independently, and uses a wheelchair to ambulate. Plaintiff Brother is both a member and the President of DACG.

      4.      Plaintiff Brother has a desire to and an interest in traveling throughout the community and engaging in daily activities free of barriers to access, as members of the able-bodied community are presently able to do. As such, he has a personal interest in and seek to enforce compliance with the ADA and to end discrimination against himself and other persons with disabilities resulting from ADA violations. Furthermore, and independent of his role as member and the President of DACG, Plaintiff Brother also seeks enforcement of and compliance with the ADA and to end discrimination against himself, DACG and its members, and all other persons with disabilities, so that he, DACG's members, and all other persons with disabilities may avail themselves of public accommodations, facilities, services and goods which are available to the able bodied community, without discrimination caused by illegal barriers to access.

      5.      Completely independent of his personal desire to have access to public accommodations free of illegal barriers to access, Brother also acts as a "tester" on behalf of DACG, its members and himself, for the purpose of discovering, encountering and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Brother employs a routine practice. He personally visits the public accommodation where he knows or where it has been

LAW OFFICES OF WILLIAM N. CHAROUHIS & ASSOCIATES, LLP
SUITE 1750 • BRICKELL BAYVIEW CENTRE • EIGHTY SOUTHWEST EIGHTH STREET • MIAMI, FLORIDA 33130 • TEL.: 786.279.5707 • FAX: 305.377.8416

reported to him that illegal barriers to access exist; he engages all of the illegal barriers to access at the subject premises, or at least all of those he is able to access; he tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; he proceeds with legal action to enjoin such discrimination; and he subsequently returns to the premises to verify its / their compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do.  Independent of his other intended subsequent visits, Brother also intends to visit the subject premises repeatedly to verify its / their compliance or non-compliance with the ADA.

6.     In his capacity as a "tester," when Brother encounters illegal barriers to access, as he did here with respect to Defendant's premises, he engages those barriers to the extent he is able. Also, to the extent he is able given the existing barriers to access, Brother also avails himself and/or attempts to avail himself to the subject public accommodations as a whole (including all public areas thereon and all services, goods, facilities and amenities offered thereat).  He does so for the purpose of using those public accommodations and also to establish discrimination against himself and the disabled due the illegal barriers to access and the resulting denial of access to the property and the services, goods, facilities and amenities offered thereat.

7.     In this instance, Brother, in his individual capacity and independently as a "tester," personally, and on behalf of DACG, its members and all other individuals with disabilities, suffered legal harm and legal injury, and he will continue to suffer such harm and injury as a result of the illegal barriers to access and Defendant's ADA violations addressed herein.

8.     One or more of DACG's members, including Plaintiff Brother (both individually and as a "tester", has attempted to access and use all public areas of the subject stores, which are owned,

- 4 -

leased and/or operated by Defendant, in the past, but have been and will continue to be discriminated against and excluded from proper unobstructed access to and use of those facilities due to Defendant's failure to remove illegal barriers to access and comply with the ADA as set forth herein. Additionally, Defendant has failed to afford DACG's members, including Plaintiff Brother, the opportunity to participate in and benefit from the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations owned, leased and/or operated by Defendant and/or has relegated DACG's members, including Brother, and other individuals with disabilities, to receiving different and separate benefits which are not equivalent to those offered by Defendant to able-bodied patrons. DACG's members, including Brother, specifically intend to gain access into and use the stores owned, leased and/or operated by the Defendant in the future, as members of the able-bodied community are presently able to do, but they have been and will continue to be denied such access and use as a result of Defendant's failure to remove illegal barriers to access and comply with the ADA as set forth herein, and are at serious risk of suffering further and irreparable injury without the relief requested herein. Defendant's ADA violations are continuing in nature and will continue indefinitely into the future and, as a result, will continue to prelude access by DACG's members and Plaintiff Brother.

9.    Defendant is a foreign (Virginia) corporation which is authorized to transact and which transacts business throughout the United States. Defendant is the owner, lessee, lessor and/or operator of the real property and improvements which are the subject of this action, commonly referred to as Ross Dress for Less retail stores, at the following locations:

   a.    110 South Biscayne Blvd., Miami, Florida
   b.    1421 Northeast 163rd Street, North Miami Beach, Florida
   c.    1425 East Hallandale Beach Blvd., Hallandale Beach, Florida
   d.    449 West 49th Street, Hialeah, Florida

LAW OFFICES OF WILLIAM N. CHAROUHIS & ASSOCIATES, LLP
SUITE 1750 • BRICKELL BAYVIEW CENTRE • EIGHTY SOUTHWEST EIGHTH STREET • MIAMI, FLORIDA 33130 • TEL.: 786.279.5707 • FAX: 305.377.8416

e.   18495 Biscayne Blvd., Miami, Florida
f.   12115 Biscayne Blvd., North Miami Beach, Florida
g.   8605 South Dixie Highway, Miami, Florida
h.   2 Miracle Mile, Coral Gables, Florida
i.   3851 Oakwood, Hollywood, Florida
j.   7795 West Flagler Street, Miami, Florida
k.   5788 Northwest 183rd Street, Hialeah, Florida

and all other Ross Dress for Less retail stores located within the 50 states in the United States of America, the District of Columbia, the Commonwealth of Puerto Rico, Guam, American Samoa, the United States Virgin Islands, the Trust Territory of the Pacific Islands, and the Commonwealth of the Northern Mariana Islands (the "buildings" or "premises").

## **INTRODUCTION**

10.   On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§12101, et seq.

11.   Congress found, among other things, that:

i.   some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

ii.   historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

iii.   discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

iv.   individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, activities, benefits, jobs, or other opportunities; and,

- 6 -

v.     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity,

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

12.     Congress explicitly stated that the purpose of the ADA was to:

i.     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

ii.     provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

iii.     invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

13.     The congressional legislation provided commercial businesses one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. §12181; 28 CFR §36.508(a).

## CLASS ACTION ALLEGATIONS

14.     The class to be represented by Plaintiffs is so numerous that joinder of all members is impracticable. As determined by Congress in 1990, and as alleged above, at that time there were approximately 43,000,000 Americans with one or more physical or mental disabilities, and that number has increased since 1990 and continues to increase. A great many of those individuals, numbering in the millions, are exposed and potentially subjected to the lack of access at Defendant's Ross Dress for Less retail stores.

LAW OFFICES OF WILLIAM N. CHAROUHIS & ASSOCIATES, LLP
SUITE 1750 • BRICKELL BAYVIEW CENTRE • EIGHTY SOUTHWEST EIGHTH STREET • MIAMI, FLORIDA 33130 • TEL.: 786.279.5707 • FAX: 305.377.8416

15.     The individual Plaintiff and DACG's members represent a representative cross-section of all of the disabilities to be protected by the ADA and includes individual with mobility impairments, hearing impairments, visual impairments, and other physical and mental disabilities. The questions of law and fact relating to the representative plaintiffs, such as the alleged ADA violations existing in Defendant's stores and the ADA requirements established by the ADA and the Department of Justice's accessibility guidelines,   are similar and common to the law and fact questions which would be raised by other members of the class if they were individually named Plaintiff herein. Similarly, the claims and defenses to be raised by and against the parties herein are typical of the claims or defenses which would be raised by the members of the class if they were a party to this action.

16.     Plaintiffs in this cause seek injunctive relief for the implementation of the relief provided by the ADA, which is the same relief which would be sought by each class member if he/she brought a claim individually. Accordingly, Plaintiffs herein, as the representative parties, will fairly and adequately protect the interests of the class.

17.     The relief sought herein is for the benefit of all members of the class and consistent injunctive relief should be provided for all Ross Dress for Less retail stores in violation of the ADA. Prosecution of this matter by individual members of the class would only create a risk of inconsistent and varying adjudications, the establishment of incompatible standards by Defendant, and adjudications which may be dispositive of the interests of the other class members.

18.     Further, Plaintiffs allege that Defendant's stores do not comply with the ADA and the Department of Justice guidelines promulgated thereunder. Therefore, Defendant has acted or

- 8 -

failed to act in a manner and on grounds applicable to the class as a whole. As a result, final injunctive relief for the class as a whole is appropriate.

19.     The questions of law and fact common to the members of the class, such as the degree of ADA non-compliance, specific determination of the non-compliance and the structural modifications necessary, which will be raised and adjudicated herein predominate over any questions affecting only the individual Plaintiff or individual members of the class. As a result, this class action is the optimal method for reaching a fair and efficient adjudication of the controversy raised herein.

20.     Defendant's stores specifically identified in paragraph 9 above, as well as all other Ross Dress for Less retail stores in the United States of America, the District of Columbia, the Commonwealth of Puerto Rico, Guam, American Samoa, the United States Virgin Islands, the Trust Territory of the Pacific Islands, and the Commonwealth of the Northern Mariana Islands (hereinafter "geographic area"), and the related facilities thereof, must be, but in some instances are unable to be, accessed by individuals with disabilities, including the individual Plaintiff and DACG and its members.

21.     Pursuant to 42 U.S.C. §12181(7); 28 CFR §36.104, the buildings which are the subject of this action, including those specifically identified above and all other Ross Dress for Less retail stores in the geographic area are public accommodations covered by the ADA and must be in compliance therewith.

22.     Defendant has discriminated against the individual Plaintiff, DACG's members and all other individuals similarly situated by denying them access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as

LAW OFFICES OF WILLIAM N. CHAROUHIS & ASSOCIATES, LLP
SUITE 1750 • BRICKELL BAYVIEW CENTRE • EIGHTY SOUTHWEST EIGHTH STREET • MIAMI, FLORIDA 33130 • TEL.: 786.279.5707 • FAX: 305.377.8416

prohibited by 42 U.S.C. Sec. 12182 *et seq.*, and by failing to remove architectural barriers as required by 42 U.S.C. §12182(b)(2)(A)(iv).

23.    Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA.  28 CFR Part 36.

24.    Defendant is in violation of 42 U.S.C. 12181 *et seq*. and 28 CFR 36.302 *et seq.*, and is discriminating against the Plaintiffs, DACG's members and all other individuals with disabilities, by failing to, *inter alia*,

    i.    provide the requisite number of properly sized and configured accessible parking spaces and adjacent access aisles, and to properly locate those spaces nearest the accessible entrances and so there is an accessible path of access from them to the store which does not require travel through vehicular traffic;

    ii.    provide and maintain an accessible path of access, of at least 36 inches in width, down all aisles and throughout all public areas of the stores;

    iii.    provide the requisite number of, and properly position, emergency notification devices (strobes) in the stores;

    iv.    place and maintain all items to be reachable within the accessible reach parameters;

    v.    modify the public restrooms to be accessible, including, failing to:

        a.    provide compliant identifying signage, mounted at the requisite locations;

        b.    provide the requisite offsets / maneuvering clearances at the doors leading into the "accessible" toilet stalls;

        c.    provide accessible door / locking hardware on the "accessible" toilet stall doors;

        d.    modify the "accessible" toilet stalls to have the toilet paper dispensers mounted in the requisite location;

- 10 -

e.   position the toilet seat cover dispensers so that the contents thereof are reachable within the accessible reach parameters and so that there is an accessible clear floor space in front;

f.   modify each toilet in the "accessible" toilet stalls to have the flush on the wide side of the toilets;

g.   provide coat hooks in the "accessible" toilet stalls which are reachable within the accessible reach parameters;

h.   insulate or configure pipes under sinks / lavatories to prevent burns or other injuries; and,

i.   provide mirrors mounted at the requisite height;

vi.   modify the public dressing rooms to be accessible, including, failing to:

a.   provide the requisite, properly mounted, emergency notification devices (strobes) in the dressing rooms;

b.   provide the requisite offsets / maneuvering clearances at the doors leading into the "accessible" dressing rooms;

c.   provide coat hooks in the "accessible" dressing rooms which are reachable within the accessible reach parameters;

vii.   provide an accessible, lowered payment / service counter in each store;

viii.   provide an accessible, lowered credit card swipe / signing screen within the requisite reach / sight parameters in each store,

by January 26, 1992 (or January 26, 1993 if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

25.   The individual Plaintiff, DACG's members and all other individuals similarly situated have been and continued to be denied access to, and have been denied the benefits of services, programs and activities of, Defendant's stores, and have otherwise been discriminated against and damaged by Defendant because of Defendant's ADA violations set forth above, and will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA

LAW OFFICES OF WILLIAM N. CHAROUHIS & ASSOCIATES, LLP
SUITE 1750 • BRICKELL BAYVIEW CENTRE • EIGHTY SOUTHWEST EIGHTH STREET • MIAMI, FLORIDA 33130 • TEL.: 786.279.5707 • FAX: 305.377.8416

as requested herein.  Besides the individual Plaintiff's claims asserted herein, similar claims are also asserted on behalf of DACG and its other members, and all other individuals similarly situated, as the claims do not require the participation of each individual member.

26.     Any and all requisite notice, if any, has been provided.  In the alternative, notice to Defendant is not required as a result of Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993 if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

27.     Plaintiffs have been obligated to retain undersigned counsel for the filing and prosecution of this action, and have agreed to pay their counsel attorneys' fees, including litigation expenses and costs incurred in this action.  Plaintiffs are entitled to recover those attorneys' fees, litigation expenses and costs from Defendant pursuant to 42 U.S.C. §12205.

28.     Pursuant to 42 U.S.C. 12188, this Court is provided authority to grant Plaintiffs' injunctive relief including an order to alter the subject facilities to make them accessible to and useable by Plaintiffs and all other individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

**WHEREFORE**, Plaintiffs respectfully request that the Court issue a permanent injunction ordering Defendant to alter the specifically identified stores and all other Ross Dress for Less retail stores owned, leased and/or operated by Defendant as appropriate to comply with the ADA, and awarding Plaintiffs their attorneys' fees, costs and litigation expenses incurred in this action.

LAW OFFICES OF WILLIAM N. CHAROUHIS & ASSOCIATES, LLP
SUITE 1750 • BRICKELL BAYVIEW CENTRE • EIGHTY SOUTHWEST EIGHTH STREET • MIAMI, FLORIDA 33130 • TEL.: 786.279.5707 • FAX: 305.377.8416

**WILLIAM N. CHAROUHIS & ASSOCIATES, LLP**
*Attorneys for Plaintiffs*

By: _____

    William N. Charouhis, Esquire
    Florida Bar No. 510076
    Suite 1750 • Brickell Bayview Centre
    Eighty Southwest Eighth Street
    Miami, Florida  33130
    Telephone: 786.279.5707
    Facsimile: 305.377.8416

Dated: _Nov 17, 2006_

L:\M\ADA\Complaint\Class Action\Ross [1][7569][111706][wnc].wpd