UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 06-22847-CIV-UNGARO

DISABILITY ADVOCATES AND )
COUNSELING GROUP, INC. and )
STEVEN BROTHER, )
)
    Plaintiffs, )
)
vs. )
)
ROSS DRESS FOR LESS VIRGINIA, INC., )
)
    Defendant. )
_____/

**JOINT MOTION TO APPROVE SETTLEMENT
AND STIPULATION FOR DISMISSAL**

    Plaintiffs, Disability Advocates And Counseling Group, Inc. and Steven Brother, and Defendant, Ross Dress for Less Virginia, Inc. ("Ross"), pursuant to Fed. R. Civ. P. 41(b), and the Court's August 28, 2007, Order on Joint Notice of Settlement, request the Court review, *in camera*, their Settlement Agreement, enter an Order approving the Settlement Agreement, and dismiss this action retaining jurisdiction solely for the purpose of enforcing the Settlement Agreement.

**MEMORANDUM OF LAW**

    Particularly in litigation arising under Title III of the ADA, there is a "clear policy in favor of encouraging settlements … particularly in an area where voluntary compliance by the parties over an extended period will contribute significantly toward ultimate achievement of statutory goals." *BFS Retail*, Case No. 01-6529-Civ-Huck (S.D. Fla.)(Final Judgment)(quoting *Patterson v. Newspaper & Mail Delivers' Union*, 514 F.2d 767, 771 (2d Cir. 1975)). *See also, e.g., Assoc. for Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457 (S.D. Fla. 2002); *Access Now, Inc. v. Ambulatory Surgery Center Group, Ltd.*, 197 F.R.D. 522 (S.D. Fla. 2000).

CASE NO.: 06-22847-CIV-UNGARO-BENAGES

Thus, where judicial approval of settlements is sought or required, the Court's approval should be given so long as the settlement is fair, adequate and reasonable, and is not the product of collusion between the parties. *Bennett v. Behring Corp.*, 737 F.2d 982 (11th Cir. 1984).

The Court's determination that a settlement is fair, adequate and reasonable lies within the trial court's discretion and will not be overturned absent a clear abuse of that discretion. *Id.* at 986. In evaluating the proposed settlement, the Court may rely upon the judgment of experienced counsel and, absent proof of fraud, should not substitute its own judgment for that of counsel. *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977). Further, in evaluating the fairness of the proposed settlement, "it should [not] be forgotten that compromise is the essence of a settlement." The trial court should not make a proponent of a proposed settlement "justify each term of settlement against a hypothetical or speculative measure of what concessions might [be] granted." *Cotton*, 559 F.2d at 1330 (citation omitted).

In this case, the Court should approve the parties Settlement Agreement. Defendant, Ross agreed to undertake significant alterations, at great cost, to its owned, leased, or operated retail stores to *improve* accessibility for disabled patrons, even though Ross disputes that its facilities are inaccessible and no finding of liability has been made. Moreover, the settlement reached is the most efficient and effective means to allow greater access to Ross retail stores for the Plaintiffs and the members of their organization.

The proposed Settlement Agreement is also reasonable. The Settlement Agreement was reached after many months of arms-length settlement discussions during which counsel for the parties jointly inspected each of the 17 Ross retail stores covered by the Settlement Agreement, prior to discussing, negotiating and resolving issues identified during those joint inspections. Additionally, the appraisal and conclusions as to the reasonableness of the Settlement

Agreement's terms by the parties, their counsel is confirmed by the benefits provided by the Settlement Agreement. The proposed Settlement Agreement avoids the risks inherent in further litigation for both sides, the costs of continuing the litigation, and the delay in achieving greater accessibility should litigation continue. Absent settlement, the parties would have the right to appeal any adverse judgment at trial, which would add further expense and delay.

The Settlement Agreement provides immediate benefits to both Plaintiffs and Ross by providing for accessibility enhancements at Ross retail stores, while preventing continued litigation over access issues. The Settlement Agreement also provides the greatest degree of uniformity in modifications to the 17 Ross retail stores covered by the Settlement Agreement, by imposing consistent solutions to accessibility and modification issues. In light of the benefits to the parties offered by the Settlement Agreement, as opposed to the expense, delay and risk entailed in further litigation, the Settlement Agreement is reasonable. Accordingly, it is respectfully submitted the Court should approve the proposed Settlement Agreement.

WHEREFORE, the parties jointly request the Court to review their Settlement Agreement *in camera*; approve the settlement Agreement; and dismiss this action retaining jurisdiction solely for the purpose of enforcing the Settlement Agreement. A fully executed courtesy copy of the parties confidential Settlement Agreement has been submitted directly to the Court for *in camera* review. In addition, pursuant to S.D. Fla. L.R. 7.1(A)(2) and the Southern District's CM/ECF filing procedures, a proposed order has been electronically submitted to the Court in Word format.

CASE NO.: 06-22847-CIV-UNGARO-BENAGES

Dated this 11th day of October, 2007 in Miami, Florida.

Respectfully submitted,

| | |
|---|---|
| **THE LAW OFFICES OF WILLIAM N. CHAROUHIS & ASSOCIATES, LLP**<br>Attorneys for Plaintiffs | **LITTLER MENDELSON, P.C.**<br>Attorneys for Defendant |
| By: *s/ William N. Charouhis*<br>William N. Charouhis, Esq.<br>Florida Bar No. 510076<br>Suite 1750 - Brickell Bayview Centre<br>80 Southwest 8th Street<br>Miami, Florida 33130<br>Tel.: 786.279.5707<br>Fax: 305.377.8416 | By: *s/ Courtney B. Wilson, Esq.*<br>Courtney B. Wilson, Esq.<br>Florida Bar No. 0614580<br>One Biscayne Tower, Suite 1500<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Tel.: 305.400.7500<br>Fax: 305.603.2552 |